**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JULIAN GUTIERREZ,<br><br>Petitioner,<br><br>v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>Respondent. | No. 22-797<br><br>Agency No.<br>A087-310-749<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted September 11, 2023
Pasadena, California

Before: M. SMITH, FRIEDLAND, and MILLER, Circuit Judges.

Julian Gutierrez, a native and citizen of Mexico, petitions for review of a

decision of the Board of Immigration Appeals dismissing his appeal of an

immigration judge's decision denying his application for cancellation of

removal. We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

"Whether a new agency interpretation may be applied retroactively is a

question of law," which we review de novo. *Olivas-Motta v. Whitaker*, 910 F.3d

---

\* This disposition is not appropriate for publication and is not
precedent except as provided by Ninth Circuit Rule 36-3.

1271, 1275 (9th Cir. 2018). "A due process challenge in an immigration proceeding is reviewed de novo." *Arizmendi-Medina v. Garland*, 69 F.4th 1043, 1047 (9th Cir. 2023).

1. The Board's decision in *Matter of Wu*—holding that assault with a deadly weapon under California Penal Code section 245(a)(1) is categorically a crime involving moral turpitude—applies retroactively to Gutierrez. 27 I. & N. Dec. 8, 9 (B.I.A. 2017). To determine whether an adjudicatory decision by an agency has retroactive effect, we apply the multi-factor balancing test laid out in *Montgomery Ward & Co., Inc. v. FTC*, 691 F.2d 1322, 1333 (9th Cir. 1982). *See Lemus v. Lynch*, 842 F.3d 641, 649 (9th Cir. 2016). Under that test, the court considers "(1) whether the particular case is one of first impression, (2) whether the new rule represents an abrupt departure from well established practice or merely attempts to fill a void in an unsettled area of law, (3) the extent to which the party against whom the new rule is applied relied on the former rule, (4) the degree of the burden which a retroactive order imposes on a party, and (5) the statutory interest in applying a new rule despite the reliance of a party on the old standard." *Montgomery Ward*, 691 F.2d at 1333 (quoting *Retail, Wholesale & Dep't Store Union v. NLRB*, 466 F.2d 380, 390 (D.C. Cir. 1972)).

The first factor favors neither party. *Acosta-Olivarria v. Lynch*, 799 F.3d 1271, 1275 (9th Cir. 2015). That factor was "meant to ensure that the party responsible for a change in law receives the benefits of the new rule," but in the

immigration context, where the government is always a party, "this concern is less relevant." *Id.* (citing *Garfias-Rodriguez v. Holder*, 702 F.3d 504, 521 (9th Cir. 2012) (en banc)).

The second and third factors favor retroactivity. Those factors "are closely intertwined" and "will favor retroactivity if a party could reasonably have anticipated the change in the law such that the new 'requirement would not be a complete surprise.'" *Garfias-Rodriguez*, 702 F.3d at 521 (quoting *Montgomery Ward*, 691 F.2d at 1333–34). For Gutierrez, the rule announced in *Wu* could not have been a complete surprise. In 2011, when Gutierrez pleaded nolo contendere to assault with a deadly weapon, it was unclear whether that offense was a crime involving moral turpitude, with conflicting precedents pointing in different directions. *Compare Gonzales v. Barber*, 207 F.2d 398, 400 (9th Cir. 1953) (holding that assault with a deadly weapon under California law is, "per se," a crime involving moral turpitude), *overruled by Ceron v. Holder*, 747 F.3d 773, 781 (9th Cir. 2014) (en banc), *with Carr v. INS*, 86 F.3d 949, 951 (9th Cir. 1996) (holding that assault with a *firearm* under California Penal Code section 245(a)(2) is *not* a crime involving moral turpitude), *overruled by Ceron*, 747 F.3d at 782. *Wu* simply settled this open question.

The fourth factor weighs against retroactivity, for "deportation alone is a substantial burden that weighs against retroactive application of an agency adjudication." *Garfias-Rodriguez*, 702 F.3d at 523 (quoting *Miguel-Miguel v. Gonzales*, 500 F.3d 941, 952 (9th Cir. 2007)).

Finally, the fifth factor favors retroactivity, "because non-retroactivity impairs the uniformity of a statutory scheme, and the importance of uniformity in immigration law is well established." *Garfias-Rodriguez*, 702 F.3d at 523.

Overall, the *Montgomery Ward* factors weigh in favor of applying *Wu* to Gutierrez retroactively. And under *Wu*, Gutierrez has been convicted of a crime involving moral turpitude, rendering him ineligible for cancellation of removal. 27 I. & N. Dec. at 9; *see* 8 U.S.C. §§ 1182(a)(2)(A)(i)(I), 1229b(b)(1)(C).

Gutierrez argues that this case is analogous to *Garcia-Martinez v. Sessions*, in which we held that a new decision by the Board could not be applied retroactively to the petitioner. 886 F.3d 1291, 1296 (9th Cir. 2018). But at the time the petitioner in *Garcia-Martinez* pleaded guilty to the crime at issue in that case, the Board's long-settled rule established that his crime was not one involving moral turpitude. *Id.* at 1295–96. No precedents had clearly held otherwise. *Id.* at 1296. *Garcia-Martinez* is therefore not on point.

2. The agency did not violate Gutierrez's due process rights. For there to have been a due process violation, "the proceeding [must have been] so fundamentally unfair that the alien was prevented from reasonably presenting his case." *Zetino v. Holder*, 622 F.3d 1007, 1013 (9th Cir. 2010) (quoting *Ibarra–Flores v. Gonzales,* 439 F.3d 614, 620 (9th Cir. 2006)). Gutierrez argues that he was denied due process when, on November 7, 2018, the immigration judge did not grant him a continuance to prepare an application for adjustment of status. But Gutierrez's counsel did not ask for a continuance. Nor did he

object to the immigration judge's conclusion that Gutierrez was ineligible for adjustment of status based on prior concessions that he had entered the United States without inspection. Gutierrez therefore has not identified any fundamental unfairness in his proceeding.

The motions to stay removal (Dkt. Nos. 3, 8) are denied. The temporary stay of removal is lifted upon issuance of the mandate.

**PETITION DENIED.**